K & S Electric Company, Inc. v. Commissioner.
K & S Electric Co. v. Commissioner
Docket No. 5011-68.
United States Tax Court
T.C. Memo 1969-291; 1969 Tax Ct. Memo LEXIS 5; 28 T.C.M. (CCH) 1499; T.C.M. (RIA) 69291; December 29, 1969, Filed *5 Robert W. Siegel, for the petitioner. James C. Lynch, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioner has been determined by the Commissioner for the fiscal year ended October 31, 1965, in the amount of $44,747.53. The only issue presented is whether respondent has erred in increasing the gross income of petitioner for that year in the amount of $92,583.94 as a liability of petitioner alleged to have been forgiven during that year. Findings of Fact All of the stipulated facts are found accordingly. K & S Electric Company, Inc., is a Michigan corporation, with its principal offices located at Detroit, Michigan. The return for the period here involved was filed with the district director of internal revenue for the district of Michigan. The petitioner's principal offices at the time its petition was filed with the Tax Court were at Detroit, Michigan. Petitioner, K & S Electric Company, Inc., a Michigan corporation, was incorporated in 1954. Its principal business is as an electrical contractor. During the years 1956 and 1957, the petitioner was engaged to perform electrical work *6 for various school districts in the Detroit, Michigan, area. In connection with these contracts, it was required to secure performance bonds. The performance bonds were secured from Aetna Casualty and Surety Company of Hartford, Connecticut. The principal shareholders of the petitioner, Leo Kousin and Samuel Sak, agreed to act as indemnitors and guarantors for the corporation in connection with the performance bonds. Petitioner was unable to perform the electrical contracts entered into and Aetna Casualty and Surety Company, as surety, was required to complete the contractual obligations of the petitioner. As a result, petitioner became indebted to Aetna in the amount of $97,583.94 prior to October 31, 1965. Petitioner reports its income on an accrual basis and has a fiscal year ending on October 31. In the fiscal year ended October 31, 1958, petitioner first recorded on its books of account its liability to the Aetna Casualty 1500 and Surety Company. The petitioner reflected this liability on its books until journal entries were made on October 31, 1965, debiting the total liability to Aetna, and credits were made to retained earnings for $92,583.94 and a loan account to *7 Leo Kousin for $5,000. In June of 1966, a release was executed and delivered to Leo Kousin as follows: RELEASE WITNESSETH: WHEREAS, the Aetna Casualty and Surety Company of Hartford, Connecticut, hereinafter referred to as "AETNA" was surety for K & S Electric Company, Inc., a Michigan corporation, hereinafter referred to as "K & S", on certain surety bonds in connection with certain undertakings and contracts by K & S, described as follows: * * * [Seven bonds, effective dates thereof, or dates of execution, and statement of obligation covered.] WHEREAS, Leo Kousin, hereinafter referred to as "KOUSIN", and Samuel Sak, hereinafter referred to as "SAK", agreed to act as indemnitors and guarantors for K & S in their individual capacities, in connection with one or more of said surety bonds; and WHEREAS, by reason of the default of K & S in the undertakings and contracts for which said bonds were surety, AETNA, as surety, has caused the sums of approximately $28,290.00 to be paid to such contractors, materialmen, laborers and welfare funds; and WHEREAS, on the first day of January, 1961, and for some period therefore, K & S was insolvent and uncollectible, as appears *8 from the October 31, 1960 balance sheet of the corporation, which is incorporated herein by reference thereto; and WHEREAS, on or about said date of January 1, 1961, AETNA, in acknowledgment of the insolvent and uncollectible condition of K & S discontinued and terminated its claim against K & S and thereafter has proceeded only with its claim for recovery against KOUSIN and SAK; and WHEREAS, KOUSIN, while denying liability on his own part, or on the part of SAK, has agreed to pay to AETNA the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS in full and final satisfaction and settlement of any and all claims of AETNA against K & S, KOUSIN and/or SAK. NOW, THEREFORE, in consideration of the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS to be paid by LEO KOUSIN in the manner set forth hereinafter and for other good and valuable consideration, the undersigned agrees to release and does hereby release K & S ELECTRIC COMPANY, INC., a Michigan corporation, LEO KOUSIN and SAMUEL SAK, their agents, employees and affiliated corporations and each of them, from each and every claim, demand, liability, and cause of action that the undersigned may now have or may ever have had against *9 them or any of them to any and all claims growing out of or in anywise connected with the aforesaid surety bonds issued by the undersigned for and on behalf of any of the released parties and the applications in connection with such surety bonds. Said FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS shall be paid as follows: FIVE HUNDRED AND NO/100 ($500.00) DOLLARS herewith, receipt whereof is acknowledged by the undersigned, and an additional FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per month commencing the first day of August, 1966 and the first day of each month thereafter until said sum has been paid in full. Should LEO KOUSIN default in any of the payments required hereunder, this Release shall be considered a nullity and all of the parties mentioned herein shall be returned to their prior status as of the day before that on which this Release is executed, provided, however, that the said LEO KOUSIN shall remain obligated to AETNA for the unpaid portion of the FIVE THOUSAND AND NO/100 ($500.00) DOLLARS provided for above. In the event of such default any payment or payments made by LEO KOUSIN to date of such default shall in no way be construed to revive or toll the statute of *10 limitations in connection with the claims of AETNA and the status of the parties hereto with regard to the limitation of action in effect as to the aforedescribed claims on the day before the date on which this Release is signed shall apply to all of the parties in the event of such a default. It is the purpose of this Release to forever settle, adjust and discharge all claims of whatsoever kind or nature that the undersigned has or may have against K & S, KOUSIN and/or SAK, arising out of said bonds and applications executed in connection therewith. It is further understood and agreed that K & S, KOUSIN and SAK, by agreeing to this compromise payment admit absolutely no liability of any sort and have 1501 made no representations as to liability and they have made no arrangements or promise to do or omit to do any act or thing not herein set forth either jointly or individually. Petitioner has never paid Aetna any amount upon its liability to that company resulting from Aetna's expense incurred in fulfilling petitioner's defaulted contracts. Petitioner's liability to Aetna with respect to any and all of its obligations to Aetna was not forgiven at any time during 1965. *11 Opinion Petitioner carried a liability to Aetna in the amount of $92,583.94 upon its books of account until October 31, 1965, when by adjusting entries thereon the liability was eliminated. The deficiency herein resulted because respondent determined that by such action petitioner had realized additional unreported income in that amount. Petitioner contends that regardless of its book entries, nothing actually occurred in the fiscal year ended October 31, 1965, the year at issue, which effectuated a release of its liability to Aetna, and further, that if the liability had at any itme been eliminated, its forgiveness occurred in 1960 or 1961 when Aetna determined that petitioner was uncollectible and that it would no longer look to petitioner for payment of the liability. We do not pass upon whether petitioner's liability was forgiven in whole or in part by such a unilateral determination of Aetna, for the issue before us concerns only the year ended October 31, 1965. We do note, however, that petitioner's witness, who was Aetna's agent in Detroit and acquainted with the transactions leading to the release of June 1966, testified that Aetna had periodically, after 1961, investigated *12 the current financial standing of petitioner and we draw from this the conclusion that had petitioner's financial condition bettered, Aetna would have continued to look to it for payment. Certainly nothing appears in the record, however, to show the forgiveness of petitioner's debt to Aetna during the year before us. While it is true that petitioner's elimination of its liability to Aetna on its books on October 31, 1965, is some evidence of a forgiveness thereof, it is well settled that book entries which are unsupported by fact are insufficient by themselves to prove anything except that they have been made. See, e. g., , affd. (C.A. 1, 1959). There is some question here as to the amount of petitioner's liability to Aetna as of the date of October 31, 1965, given rise to by the reference in the release set forth in our findings to the amount of $28,290. Having determined that no forgiveness of any liability to Aetna occurred during the year at issue, we do not find it necessary to make such a determination. *13 We do note, however, that the release is effective as to any obligation, present, or past, existing between petitioner and Aetna. Decision will be entered for the petitioner.